UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Vanessa Brown, as parent and next friend of minor child, E.M., and E.M., individually <br><br> Plaintiffs, <br><br> v. <br><br> District of Columbia, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.07-0368 (JDB) |

ANSWER TO THE COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the complaint.

1. Defendant admits the existence of the statutory authorities alluded to in paragraph numbered 1, but denies that jurisdiction, pendent jurisdiction or declaratory relief is conferred or authorized solely by reason thereof.

2. Defendant is without sufficient knowledge to respond to the allegations contained in paragraph numbered 2.

3. Defendant admits the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph numbered 3 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

4-6. The defendant admits the allegations contained in paragraphs numbered 4 through 6.

7. The defendant admits that the parent filed a due process complaint on December 20, 2005. The remaining allegations contained in paragraph numbered 7 are a characterization of the due process complaint to which no response is required. The due process complaint speaks for itself.

8. The defendants admit that on March 6, 2006, a Hearing Officer's Determination ("HOD") was issued. The remaining allegations contained in paragraph numbered 8 are a characterization of the HOD to which no response is required.. The HOD speaks for itself.

9-10. The defendants admit the allegations contained in paragraphs numbered 9 through 10.

11. The allegations contained in paragraph numbered 11 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

12. The defendants admit that the parent filed a due process complaint on October16, 2006. The remaining allegations contained in paragraph numbered 12 are a characterization of the due process complaint to which no response is required. The due process complaint speaks for itself.

13-14. The defendant admits the allegations contained in paragraphs numbered 13-14.

15-18. The allegations contained in paragraphs numbered 15-18 are characterizations of the December 12, 2006 Due Process Hearing to which no response is required. The transcript of the December 12, 2006 Due Process Hearing speaks for itself.

19. The allegations contained in paragraph numbered 19 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

20-21. The allegations contained in paragraphs numbered 20-21 are characterizations of Hearing Officer's Determination to which no response is required. The Hearing Officer's Determination speaks for itself.

22-31. The allegations contained in paragraphs numbered 22-31 are characterizations of the December 12, 2006 Hearing to which no response is required. The transcript of the Hearing speaks for itself.

32-34.   The allegations contained in paragraphs numbered 32-34 are characterizations of the December 14, 2006 HOD to which no response is required.  The HOD speaks for itself.

34.  Defendant incorporates by reference its answers to paragraphs numbered 1 through 34.

35.  The allegations contained in paragraph numbered 35 are denied.

36.   Defendant incorporates by reference its answers to paragraphs numbered 1 through 35.

37.  The allegations contained in paragraph numbered 37 are denied.

38.   Defendant incorporates by reference its answers to paragraphs numbered 1 through 37.

39.  The allegations contained in paragraph numbered 39 are denied.

40.   Defendant incorporates by reference its answers to paragraphs numbered 1 through 39.

41. The allegations contained in paragraph numbered 41 are denied.

42. Defendant incorporates by reference its answers to paragraphs numbered 1 through 41.

43. The allegations contained in paragraph number 43 are denied.

Further answering the complaint, defendant denies all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

## FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies on all pertinent issues.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the applicable statute of limitations or laches.

## FOURTH AFFIRMATIVE DEFENSE

The Hearing Officer's Decision was well reasoned and appropriate.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.

LINDA SINGER,
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2


 /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email–maria.merkowitz@dc.gov


May 14, 2007