UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Vanessa Brown, as parent and next friend of the minor child, E.M., and E.M., individually,** : <br>  : <br> **Plaintiffs** : <br>  : <br> v. : <br>  : <br> **District of Columbia** : <br>  : <br> **Defendant.** : <br> _____ : | Civil Action No.  07-0368 (JDB) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56©, finding that Hearing Officer Terry Michael Banks erred in his December 14, 2006, Hearing Officer's Determination ("HOD"), when he wrongfully held compensatory education was not due the student for the time period covered by the student's 2005 IEP.  In support of its Motion and pursuant to Local Rules 7(a), ©, and (h), the Plaintiff submits its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment, a Statement of Material Facts as to which there is no Genuine Issue, and a proposed Order.

                                                                                   Respectfully submitted,
                                                                                    /s/
                                                                                Ellen Douglass Dalton, Esq.
                                                                                D.C. Bar No. 411612
                                                                                Dalton & Dalton, P.C.
                                                                                1008 Pendleton Street
                                                                                Alexandria, Virginia 22314
                                                                                (703) 739-4300 (ph)
                                                                                (703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Vanessa Brown, as parent and next friend of the minor child, E.M., and E.M., individually,** | : : : : |
| **Plaintiffs** | : : |
| v. | : : Civil Action No.  07-0368 (JDB) |
| **District of Columbia,** | : : |
| **Defendant.** | : : |
| _____ | : |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Plaintiff, by and through undersigned counsel, and requests that this honorable Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56©, finding that Hearing Officer Terry Michael Banks erred in his December 14, 2006, Hearing Officer's Determination ("HOD"), when he wrongfully held compensatory education was not due the student for the time period covered by the student's 2005 IEP.

The hearing officer made the ruling that Petitioner did not allege in the Complaint that the 2005 IEP was inappropriate.  Apparently the Hearing officer was under the mistaken impression that counsel for the Petitioner had stipulated away this issue in her opening statement.  HOD p.3.  Neither party made an opening statement. AR at 181.  More importantly, the allegation was an issue first raised by Petitioner in her December 20, 2005, Complaint.  On February 17, 2006, a Due Process Hearing was convened and on March 6, 2006, an HOD was issued, ordering inter alia, that Defendant

2

determine whether compensatory damages were warranted.  Petitioner filed a second due process complaint on October 16, 2006, asserting, inter alia, DCPS' failure to comply with the March 6, 2006, HOD.  Subsequently, DCPS offered 70 hours of one-on-one tutoring as compensatory education, which was not accepted.  Thus, as outlined above, the issue of compensatory education was before the Hearing officer.

## FACTUAL BACKGROUND

Petitioner is a twelve (12) year old boy with a Learning Disability.  He attended Stanton Elementary School prior to the Complaint being filed.  In a previous HOD dated March 6, 2006, DCPS was ordered to fund the following independent evaluations: psycho-educational, Adaptive Vineland Assessment, and occupational therapy.  It was further ordered that DCPS convene a meeting to review and revise the IEP, discuss and determine placement, and discuss and determine if compensatory education is warranted within fifteen school days of the receipt of the last evaluation.  AR at 73.

The psycho-educational evaluation and occupational therapy evaluation were completed and forwarded to Stanton Elementary School.  On September 29, 2006, the IEP team met to review the evaluations and revise the IEP.  The team determined that E.M. required a full time, 100% Out of General Education IEP.  This included twenty-seven hours of a week of specialized instruction, and one half hour of occupational therapy.  AR 38.

The hearing officer made the ruling that Petitioner did not allege in the Complaint that the 2005 IEP was inappropriate.  AR 3.  In the October 16, 2006, Complaint in question the parent alleged that DCPS denied FAPE by failing to adhere to the March 6, 2006 HOD (hearing held February 17, 2006) AR 108.  The allegation that the 2005 IEP

3

was inappropriate, therefore, was preserved by incorporation of the earlier Complaint into the current Complaint. Furthermore, Hearing Officer Banks states in the HOD that in her opening statement, Petitioner's counsel stipulated that the issue of non-compliance with an HOD was no longer at issue. AR 3. This is simply incorrect. In fact, there were no opening statements at the hearing, as they were waived by both parties. AR 181. Petitioner filed a second due process complaint on October 16, 2006, asserting, inter alia, DCPS' failure to comply with the March 6, 2006, HOD. AR 108. Prior to the filing of the October 16, 2006, due process complaint DCPS had not issued an appropriate notice of placement. AR 110. Subsequently, DCPS offered 70 hours of one-on-one tutoring as compensatory education, which was not accepted. Complaint 4.

    At the December 12, 2006, Due Process Hearing the parent presented evidence that Stanton Elementary School was an inappropriate placement, as it was "virtually impossible" for Stanton to provide the services prescribed in the student's IEP. AR 5. The parent also submitted to the Hearing Officer that DCPS had no appropriate placement available for the student at any MDT meeting prior to the hearing, which was substantiated by the admission of the Principal of Stanton Elementary School. AR 5.

    It was also shown that the student failed to make progress at Stanton Elementary School, and in fact regressed, as evidenced by the significant decline in his educational achievement scores between his 2004 and 2006 psycho-educational evaluations. AR 168. Dr. Booker, an educational advocate qualified as an expert witness testified that the student's standard scores as well as his grade equivalent scores went down between 2004 and 2006. His reading score, for example, declined from 61 in 2004 to 48 in 2006, while Mathematics dropped from 69 to 58, and Written Language dropped from

73 to 68.

The student was accepted at Accotink Academy in Springfield, VA, where the specialized instruction and related services listed on the student's IEP could be implemented. The Hearing Officer found that the student was denied a FAPE by the DCPS failure to provide an appropriate placement for the 2006-2007 school year, and that Accotink Academy would be an appropriate placement for the student. AR 5. The Hearing Officer also found that, "[i]n light of DCPS' violation of IDEIA by failing to provide an appropriate placement, Petitioner would be eligible for compensatory education services." AR 5.

Dr. Booker explained that, according to the March 17, 2005 IEP, the student had not made progress since the 2004 testing given his scores under the present levels of performance on page 2 of the IEP. AR 170. In her expert opinion, Dr. Booker testified that if the student had been in a full-time placement since the development of his 2005 IEP, she would have expected six months of grade equivalence improvement, instead of the regression shown in the student's testing. AR 172. Dr. Booker further testified that, in order to place the student in the position he would have been in but for the denial of services, the student needed a full-time specialized instructional program for specific learning disabled children, as well as a reading program in the form of tutorial services. AR 173.

When Dr. Booker was asked whether a DCPS offer of 70 hours of one-on-one tutoring for the student as compensatory education was appropriate, she responded with a vigorous no. AR 173. Parent's counsel asked Dr. Booker to state with specificity what the student would need in order to place the student in the position he would have been

5

in but for the denial of services. In her expert opinion, Dr. Booker stated that the student required at a minimum three hours of tutorial services or reading program for every day he was not receiving the appropriate level of services. Taking into account both the academic years, as well as extended school year ("ESY") services, Dr. Booker concluded that the student was owed at the very least 633 hours of compensatory education. AR 174.

Counsel for DCPS, on cross-examination never questioned the assertions of Dr. Booker with regards to how much compensatory education was needed. AR 175-179. Counsel for DCPS confirmed that the student needed compensatory education in the form of one-on-one tutoring when he referenced the compensatory education plan offered by DCPS. DCPS failed to present any witnesses to testify on the issue of compensatory education. Dr. Booker was the only witness to testify on this issue during the hearing.

An HOD was issued on December 14, 2006, ordering that DCPS shall issue a Prior Notice placing the student at Accotink Academy. AR 8. The HOD also required DCPS to convene an MDT meeting on or before February 16, 2007 at Accotink to review all current assessments, review the student's progress at Accotink, and update the IEP if necessary, review the independent clinical evaluation and convene a MDT/IEP meeting within 15 school days. AR 8.

The Hearing Officer failed to grant any relief in the form of compensatory education, nor did he order DCPS to convene a meeting to discuss and determine a compensatory education plan. AR 8.

**ARGUMENT**

**The Court should Grant Summary Judgment and Reverse the HOD, because the Hearing Officer Erred in Failing to Awarding Compensatory Education**

The party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine dispute of material facts through the pleadings, depositions, answers to interrogatories, admissions on file, and in this case the administrative record. *Celortex Corp v.Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56. The nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celortex* at 324. In the instant case, the facts are clear when reviewing the administrative record. The issues in this case are legal in nature because the underlying factual issues are undisputed. The issue in this case is whether the hearing officer erred in failing to awarding compensatory education. established in *Reid*. The evidence regarding the issues is clear and the facts surrounding them are undisputed in the record which makes this case appropriate for a summary judgment.

A. **The Hearing Officer Erred In Finding That Petitioner Did Not Allege In the Complaint That The 2005 IEP Was Inappropriate.**

In the earlier Complaint filed on December 20, 2005 the parent alleged that the 2005 IEP was inappropriate. More specifically, the Complaint alleged that DCPS failed to develop an appropriate IEP for both the 2004 and 2005 school years.

The March 06, 2006 HOD that resulted from this Complaint, ordered DCPS to, among other things, convene a meeting to review and revise the IEP and discuss and determine whether compensatory education is warranted.  In the October 16, 2006 Complaint in question the parent alleged that DCPS denied FAPE by failing to adhere to the February 17, 2006 HOD.  The allegation that the 2005 IEP was inappropriate, therefore, was preserved by incorporation of the earlier Complaint into the current Complaint.

Furthermore, Hearing Office Banks states in the HOD that in her opening statement, Petitioner's counsel stipulated that the issue of non-compliance with an HOD was no longer at issue.  This is simply incorrect.  In fact, there were no opening statements at the hearing, as they were waived by both parties.

**B.    The Hearing Officer Erred When He Found That a Claim For Compensatory Education Could Not Be Grounded On DCPS' Failure To Prescribe a Full-Time Special Education Program In March 2005 For The 2005-2006 School Year.**

This assertion appears to be based on the false conclusion that Petitioner did not allege in the Complaint that the 2005 IEP was inappropriate and the fact that the Petitioner's mother consented to the 2005 IEP. .  As explained above, the Complaint does allege the 2005 IEP was inappropriate.  Furthermore, the mother did not retain counsel until after the 2005 IEP was drafted, and therefore she was not fully aware of the inappropriateness of the IEP, nor her ability to challenge it.

**C.    The Hearing Officer Erred When He Denied The Petitioner Compensatory Education Services For DCPS' Failure To Provide An Appropriate Placement For The 2006-2007 School Year.**

The Hearing Officer incorrectly found that the Petitioner did not meet the standard

for compensatory education under *Reid v. District of Columbia*.[1] Petitioner in this case, however, presented indisputable evidence in the form of expert testimony that as a result of DCPS' violation of IDEIA, the student suffered an educational deficiency, but for the violation, he would have progressed to a certain academic level, and there exists a type and amount of compensatory education that would bring him to the level he would have been but for DCPS' violation. The evidence presented by the Petitioner met the standard according to *Reid*, and as a result compensatory education should have been awarded.

D. **The Hearing Officer Erred When He Found Dr. Booker's testimony violates the "hour-for-hour" criticized in *Reid*., While At The Same Time Found That Her Testimony Was Not Based On Empirical Evidence And Did Not Offer Proof That The Services Would Cure The Defiency.**

The Court in *Reid* did strike down an hour-for-hour formula approach because compensatory education awards must be based on the specific needs of the child. Dr. Booker, an educational expert, observed the student and reviewed all relevant documents in order to formulate a compensatory education plan that suits the specific needs of this child. Her recommendation was not based on a "one size fits all" formula. Furthermore, Dr. Booker testified as to how much progress the student should have made but for DCPS' violation, and that the recommended services would bring the student to the level he would have been in but for DCPS' violation, which is all that is required by *Reid*.

E. **The Hearing Officer Erred When He Failed To Order Any Amount Of Compensatory Education Services, Despite A Previous DCPS Offer For Such Services, Simple Because He Did Not Agree With The Amount Of Services Recommended By The Expert Witness.**

---

[1] 401 F.3d 516.

Compensatory education is an appropriate remedy for certain violations of the IDEA. "Under the theory of 'compensatory education,' courts and hearing officers may award 'educational services . . . to be provided prospectively to compensate for a past deficient program.'" *Reid v. District of Columbia,* 401 F.3d 516, 522 (D.C. Cir. 2005) (citing *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003)). Compensatory education, however, is an equitable remedy, not one of contractual obligation. *See Id.* at 523.

Pursuant to *Reid*, "[i]n every case . . . the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." 401 F.3d at 524. Thus, an award of compensatory education must be made on a case by case basis examining where the student should be but for the violation of the school, and fashioning a specific remedy which will bring the student to that level.

The District of Columbia Circuit specifically rejected an award of compensatory education based on a day-for-day formula. "In keeping with that principle of case-specific flexibility, we agree with the Ninth Circuit that **'there is no obligation to provide a day-for-day compensation for time missed**. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the IDEA.'" *Id.* at 524 (citing *Parents of Student W.*, 31 F.3d at 1497)(emphasis added).

In the instant case, the Hearing Officer erred when he substituted his own judgment for the expert judgment of Dr. Booker. Her analysis of the number of days the

student missed was not a function of the prohibition in *Reid*, rather one factor in establishing the number of hours of tutoring needed to effectuate the standard under *Reid*. The only way Dr. Booker's testimony would have violated the *Reid* standard was if she use the same number of hours per day the student was denied FAPE. The fact that in her analysis of all the factors coming into play she decided that 3 out of the standard school day of 6 would satisfy the requirements of the calculations used to determine the amount of compensatory services needed, cannot be second guessed by the Hearing Officer solely on the basis that he would have used a different number.

Finally, When the court in *Reid* did not find the amount of compensatory education requested by the Petitioner to be appropriate, it remanded the case to the District Court in order to hear additional evidence and formulate an appropriate award. Hearing Officer Banks stated several times in the HOD that there had been a denial of FAPE, and that as a result the student suffered academic deficiencies, yet he refused to use his discretion to formulate a compensatory education plan to remedy these deficiencies.

## CONCLUSION

Based on the arguments above the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and reverse the December 14, 2006 Hearing Officer's Decision.

                                                Respectfully submitted,
                                                    /s/
                                              Ellen Douglass Dalton, Esq.
                                              D.C. Bar No. 411612
                                              Dalton, Dalton, & Houston, P.C.
                                              1008 Pendleton Street
                                              Alexandria, Virginia 22314
                                              (703) 739-4300 (ph)

(703) 739-2323 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 12th day of September, 2007.

_____/s/_____
Ellen D. Dalton, Esq.
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Vanessa Brown, as parent and next friend of the minor child, E.M., and E.M., individually,** : : : : **Plaintiffs** : : v. : Civil Action No. 07-0368 (JDB) : **District of Columbia** : : **Defendant.** : _____ : | |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Fed .R. Civ. P. Rule 56 and LCvR 7 (h), the Plaintiff hereby submits the following Statement of Material Facts to which there is no genuine issue:

1. E.M. is a twelve year-old student who was attending Stanton Elementary School in the District of Columbia at the time of the hearing. AR 4

2. The student has been determined eligible for special education services with a disability classification of Learning Disability ("LD"). AR 4.

3. The student's individualized education program ("IEP"), dated March 17, 2005, prescribed the following weekly services: 10 hours of specialized instruction and no related services. AR 4.

4. The parent filed a due process complaint on December 20, 2005, asserting that DCPS had failed to: conduct a comprehensive occupational therapy evaluation, conduct a comprehensive adaptive vineland assessment, conduct a comprehensive psycho-educational evaluation, provide special education

        instruction and services while attending Orr ES, properly program the student's IEP to reflect his disability of ADHD, convene and conduct an appropriate IEP meeting on March 17, 2005, and develop an appropriate IEP for the 2004 and 2005 school years.  AR 72.

5. On March 06, 2006, a Hearing Officer's Determination ("HOD") was issued, ordering DCPS to fund the following independent evaluations: psycho-educational, Adaptive Vineland Assessment, and occupational therapy evaluation.  Within 15 school days of the receipt of the last evaluation, DCPS was ordered to convene a meeting to review and revise the IEP, discuss and determine placement, discuss and determine whether compensatory education is warranted, and develop a compensatory education plan if necessary.  DCPS was ordered to issue a Prior Notice of Placement within five calendar days if Placement was to a DCPS public school, thirty calendar days if Placement was to a non-public or private school, or sixty calendar days if Placement was to a residential facility.  AR 2.

6. The psycho-educational and occupational therapy evaluations were completed and forwarded to Stanton Elementary School.  AR 75.

7. The MDT convened on September 29, 2006 to review the independent evaluations and to revise the IEP.  The team determined that the student required a full time, 100% Out of General Education IEP, including 27 hours a week of specialized instruction and one half hour a week of occupational therapy.  AR 5.

8. DCPS failed to issue an appropriate Notice of Placement at this meeting or

anytime thereafter.  AR 5.

9. The parent filed a due process complaint on October 16, 2006, asserting that DCPS denied the student a FAPE by failing to issue an appropriate Notice of Placement, and by failing to discuss and determine a compensatory education plan, as prescribed in the March 06, 2006 HOD.  AR 108.

10. Subsequently, DCPS did convene a Resolution Meeting and did discuss compensatory education, offering 70 hours of one-on-one tutoring.  AR 123.

11. On December 12, 2006, a Due Process Hearing was held before Hearing Officer Terry Banks.  AR 2.

12. The parent presented evidence that Stanton Elementary School was an inappropriate placement, as it was "virtually impossible" for Stanton to provide the services prescribed in the student's IEP.  AR 5.

13. The parent also submitted to the Hearing Officer that DCPS had no appropriate placement available for the student at any MDT meeting prior to the hearing, which was substantiated by the admission of the Principal of Stanton Elementary School.  AR 5.

14. It was also shown that the student failed to make progress at Stanton Elementary School, and in fact regressed, as evidenced by the significant decline in his educational achievement scores between his 2004 and 2006 psycho-educational evaluations.  AR 168.

15. Dr. Booker, an educational advocate qualified as an expert witness testified that the student's standard scores as well as his grade equivalent scores went down between 2004 and 2006.  His reading score, for example, declined from 61 in

2004 to 48 in 2006, while Mathematics dropped from 69 to 58, and Written Language dropped from 73 to 68.   AR 168.

16. The student was accepted at Accotink Academy in Springfield, VA, where the specialized instruction and related services listed on the student's IEP could be implemented. AR 5.

17. The Hearing Officer found that the student was denied a FAPE by the DCPS failure to provide an appropriate placement for the 2006-2007 school year, and that Accotink Academy would be an appropriate placement for the student. AR 5.

18. The Hearing Officer also found that, "[i]n light of DCPS' violation of IDEIA by failing to provide an appropriate placement, Petitioner would be eligible for compensatory education services."  AR 5.

19. Dr. Booker explained that, according to the March 17, 2005 IEP, the student had not made progress since the 2004 testing given his scores under the present levels of performance on page 2 of the IEP.

20. In her expert opinion, Dr. Booker testified that if the student had been in a full-time placement since the development of his 2005 IEP, she would have expected six months of grade equivalence improvement, instead of the regression shown in the student's testing.  AR 170.

21. Dr. Booker further testified that, in order to place the student in the position he would have been in but for the denial of services, the student needed a full-time specialized instructional program for specific learning disabled children, as well as a reading program in the form of tutorial services.

22. When Dr. Booker was asked whether a DCPS offer of 70 hours of one-on-one

tutoring for the student as compensatory education was appropriate, she responded with a vigorous no. AR 173.

23. Parent's counsel asked Dr. Booker to state with specificity what the student would need in order to place the student in the position he would have been in but for the denial of services. AR 173.

24. In her expert opinion, Dr. Booker testified that if the student had been in a full-time placement since the development of his 2005 IEP, she would have expected six months of grade equivalence improvement, instead of the regression shown in the student's testing. AR 172.

25. Dr. Booker further testified that, in order to place the student in the position he would have been in but for the denial of services, the student needed a full-time specialized instructional program for specific learning disabled children, as well as a reading program in the form of tutorial services. AR 173.

26. In her expert opinion, Dr. Booker stated that the student required at a minimum three hours of tutorial services or reading program for every day he was not receiving the appropriate level of services. AR 174.

27. Taking into account both the academic years, as well as extended school year ("ESY") services, Dr. Booker concluded that the student was owed at the very least 633 hours of compensatory education. AR 174.

28. Counsel for DCPS, on cross-examination never questioned the assertions of Dr. Booker with regards to how much compensatory education was needed. AR 175-179.

29. Counsel for DCPS confirmed that the student needed compensatory education

in the form of one-on-one tutoring when he referenced the compensatory education plan offered by DCPS. AR 231.

30. DCPS failed to present any witnesses to testify on the issue of compensatory education. Dr. Booker was the only witness to testify on this issue during the hearing. AR 232.

31. An HOD was issued on December 14, 2006, ordering that DCPS shall issue a Prior Notice placing the student at Accotink Academy. AR 7.

32. The HOD also required DCPS to convene an MDT meeting on or before February 16, 2007 at Accotink to review all current assessments, review the student's progress at Accotink, and update the IEP if necessary. review the independent clinical evaluation and convene a MDT/IEP meeting within 15 school days. AR 7.

33. The Hearing Officer failed to grant any relief in the form of compensatory education, nor did he order DCPS to convene a meeting to discuss and determine a compensatory education plan. AR 7.

Respectfully submitted,

_____/s/_____
Ellen Douglass Dalton, Esq.
D.C. Bar No. 411612
Dalton & Dalton,P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 12th day of September, 2007.

                                                                        /s/  
                                            Ellen D. Dalton, Esq.  
                                            Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Vanessa Brown, as parent and next friend of the minor child, E.M., and E.M., individually,**

    **Plaintiffs**

    v.

**District of Columbia**

    **Defendant.**

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 07-0368 (JDB)

### ORDER

Upon consideration of the Plaintiff's Motion for Summary Judgment, and any opposition thereto, it is hereby

ORDERED: that Plaintiff's Motion for Summary Judgment is GRANTED;

FURTHER ORDERED: The December 14, 2006 Hearing Officer's Determination is reversed.

_____       _____
Date                             John D. Barnes
                                   United States District Judge