UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
VANESSA BROWN, et al.,

                                                    )

        Plaintiffs,

        v.                                         )              Civil Action No.07-0368 (JDB)
DISTRICT OF COLUMBIA,
                                                    )
        Defendant.
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by and through counsel, pursuant to Rule 56 of
the Federal Rules of Civil Procedure, hereby respectfully moves this Court to grant
summary judgment in its favor in the captioned action and to deny the plaintiffs' motion
for summary judgment. As established by the administrative record, the accompanying
supporting memorandum and the statement of material facts as to which there is no
genuine dispute, the challenged administrative determinations under the Individuals with
Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §1400 *et seq.*,
were entirely appropriate.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

October 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )

VANESSA BROWN, et al.,

                                 )

          Plaintiffs,

          v.                     )          Civil Action No.07-0368 (JDB)

DISTRICT OF COLUMBIA,

                                 )

          Defendant.

_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT, AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION AND BACKGROUND

This action seeks review of a decision issued on December 14, 2006, by an administrative Hearing Officer following a hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq.* ("IDEIA"), on December 12, 2006.  In his decision, the Hearing Officer ("HO") determined that the District of Columbia Public Schools ("DCPS") denied the student, E.M., a free appropriate public education ("FAPE") by failing to provide him with an appropriate placement for the 2006-2007 school year.  As a result, the HO ordered the student placed at Accotink Academy, a private school.  The HO further ordered DCPS to convene a Multi Disciplinary Team ("MDT") meeting at Accotink, on or before February 16, 2007, to review the student's assessments and progress at Accotink, and to modify his Individualized Education Plan ("IEP"), if necessary.  (AR at 7-8)  However, the HO

3

denied plaintiffs' request for compensatory education, finding that plaintiffs had failed to meet their burden of proof.  Plaintiffs appeal this part of the hearing officer's decision ("HOD").

## ARGUMENT

### I.    The Criteria for Granting Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Material facts are those "that might affect the outcome of the suit under the governing law." Farmland Industries, Inc. v. Grain Board of Iraq, 248 U.S. App. D.C.  276, 904 F. 2d 732, 735 (1990)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).[1]

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[2]

---

[1] Anderson v. Liberty Lobby, Inc, supra, 477 U.S. at 248, similarly describes the rule for determining materiality:

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. . . Any proof or evidentiary requirements imposed by the substantive law are not germane to this inquiry, since materiality is only a criterion for categorizing factual disputes in their relation to the legal elements of the claim and not a criterion for evaluating the evidentiary underpinning of those disputes.

[2] Celotex Corp. v. Cantrett, supra, is one of three cases decided by the U.S. Supreme Court in 1986 that govern the standard for granting motions for summary judgment.  Celotex Corp., supra;  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Company v. Zenith Radio Corporation, 475 U.S. 574 (1986). Celotex Corp. held that Rule 56 was to be administered with due regard to those opposing claims, as well as those advancing them, and that the purpose of the Rule was to dispose of claims that had no reasonable factual basis. 477 U.S. at 327, 323. Anderson held that the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case. 477 U.S. at 248, 254.  Matsushita held that where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." 475 U.S. at 587.

To meet the initial burden of showing "the absence of a genuine issue of material fact" on an essential element of the non-movant's case, the movant may demonstrate that the respondent has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). In answer, the respondent must "present affirmative evidence" in order to defeat the motion, and "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion for summary judgment should be granted. Id.

## II.    The Criteria for Review of Administrative Decisions Under the IDEIA

The IDEIA provides for judicial review in state or federal court to "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. 20 U.S.C. §1415(c). In conducting such review, the reviewing court "shall receive the records of the administrative proceeding, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. §1415(e). However, the "preponderance of the evidence" standard "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review." Board of Education of Hendrick Hudson Central School Dist. v. Rowley, 458 U.S. 176, 206 (1982).

The party challenging the hearing officer's determination bears the burden of persuading the court that the Hearing Officer was incorrect. Angevine v. Smith, 959 F.2d 292, 295 (D.C. Cir. 1992); Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988);

---

. . . [T]aken together, these three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials and lower courts have responded accordingly.
10 A. Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2727, n. 25 (1998).

Lyons v. Smith, 829 F.Supp. 414, 417 (D.D.C. 1993). While the Court is authorized to make an independent determination, the Court "must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." Lyons v. Smith, supra, 829 F.Supp. at 418.

Accordingly, before this Court may reverse the Hearing Officer's decision, the Plaintiffs must show by a "preponderance of the evidence," giving the Hearing Officer's finding "due weight," that the Hearing Officer was wrong.

> **III.    The Hearing Officer's Determinations Concerning the Minor Plaintiff's Entitlement to Compensatory Education Were Correct.**
>
> **A.    The Hearing Officer Correctly Determined that a Claim for Compensatory Education Could Not be Grounded on DCPS Alleged Failure to Prescribe a Full Time Special Education Program in March 2005.**

Plaintiffs allege that the HO erred when he concluded that compensatory education was not due the student for the time period between the student's 2005 IEP and the present. (Plaintiffs' Motion at 2) Among the bases for the HO's decision was that plaintiffs had not alleged in their October 16, 2006, due process complaint that the 2005 IEP was inappropriate. (AR at 7) Therefore, the HO concluded, plaintiffs could not seek compensatory education going back to 2005. The HO further found that the parent had consented to the 2005 IEP, which only prescribed 10 hours of specialized instruction. (AR at 7, 56)

A reading of Plaintiffs' October 16, 2006, due process complaint reveals, as found by the HO, that there is no mention of an inappropriate 2005 IEP. In fact, there is no mention of the year 2005 at all. Rather, plaintiffs' October 16, 2006, due process

complaint only sought "a determination that DCPS be required to discuss and determine a compensatory education plan for the period prescribed in the February 17, 2006 HOD, as well as the time [the student] has been left in an inappropriate placement."  (AR at 110)  On November 13, 2006, DCPS proposed a Compensatory Education Plan which offered 70 hours of compensatory education "for all areas."  (AR at 13)

Since the February 17, 2006, HOD did not specify any time frame which was to govern the amount of compensatory education the student was to receive,[3] plaintiffs cannot now piggy-back onto that HOD a request for compensatory education for failures that may or may not have occurred in 2005.  Accordingly, the HO correctly determined that plaintiffs did not allege in their December 20, 2005, due process Complaint that the student's 2005 IEP was inappropriate, and cannot now seek compensatory education retroactive to that time.

### B.    The Hearing Officer Correctly Determined That Plaintiffs Had Failed to Meet Their Burden of Establishing the Type and Amount of Compensatory Services That Might Be Owed the Student.

Even if it is determined that the issue of compensatory education dating back to 2005 was properly before the HO, he nonetheless correctly determined that plaintiffs had failed to meet their burden of establishing the type and amount of compensatory services that would compensate the student for any services that may have been denied him.  *See* Reid v. District of Columbia,  401 F.3d 516 (D.C. Cir. 2005).

When a school district deprives a disabled child of a FAPE in violation of the IDEIA, a court fashioning "appropriate" relief may order compensatory education, representing replacement of educational services the student should have received.

---

[3] The March 6, 2006, HOD ordered DCPS *inter alia,* "to discuss and determine whether compensatory education is warranted and develop a compensatory education plan if necessary."  (AR at 73)

"[C]ompensatory awards should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA."  Reid v. District of Columbia, 401 F.3d at 518.  However, a hearing officer may not award compensatory education services based solely on the amount of services a school district failed to provide.  "Compensatory education is not a contractual remedy, but an equitable remedy, part of the court's resources in crafting 'appropriate relief.'"  Reid v. District of Columbia, 401 F.3d at 523, citing Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1497 (9th Cir. 1994).  Thus, in Reid, the court determined that the hearing officer's award of one hour for each day the child was denied FAPE merited no deference, and also rejected the parents' proposal of hour–per - hour relief as mechanical calculations, and instead adopted a qualitative standard: "compensatory awards should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA."  Reid v. District of Columbia, 401 F.3d at 518.

Here, the HO correctly found that Dr. Booker, an educational advocate who testified on behalf of plaintiffs, utilized the type of mechanical formulation expressly rejected by Reid in determining that the child should receive 633 hours of compensatory education.  At the hearing, Dr. Booker testified as follows:

> We've got the academic year as well as the ESY.  That's 186 days plus approximately, give or take, 20, 25 days and an ESY program.  At the very minimum you would want to address that as three hours of tutorial services or a reading program.  If you multiply that time, I think it comes out to – I have the calculation – hold – on I think it turns out to be 633 hours.  And if you – if you were to divide that, would be talking about – hold on – trying to do this based on memory, and I think I need to pull my notes….If you add 186 days and 25 days for ESY, you come up with 211.  At 3 hours per day, that would give you 633 hours.

(AR at 174)

Plaintiffs argue that Dr. Booker's testimony did not violate the <u>Reid</u> standard because it would only have been violated if Dr. Booker "use[d] the same number of hours <u>per </u>day the student was denied FAPE." However, plaintiffs are mistaken. The court in <u>Reid </u>rejected not only the hour–per- hour proposed by plaintiffs, as well as the hour per day awarded by the hearing officer, but also any "amount of [compensatory education] instruction predetermined by a cookie-cutter formula, …rather [than] an informed and reasonable exercise of discretion regarding what services [the student] needs to elevate him to the position he would have occupied absent the school district's failures." <u>Reid v. District of Columbia, </u>401 F.3d at 527.

Here, it is evident that Dr. Booker used a mechanical formula of three hours per day, rather than one hour per day, without indicating either why she chose this formula or what specific services should be provided, other than to say either reading or tutorial services. Without any reasoning or evidence to support her calculation, the HO correctly denied plaintiffs' claim for compensatory education.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

<u>/s/ Edward P. Taptich</u>
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov


October 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )

VANESSA BROWN, <u>et al.</u>,

)

Plaintiffs,

v.                    )                    Civil Action No.07-0368 (JDB)

DISTRICT OF COLUMBIA,

)

Defendant.

_____)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS THAT ARE IN DISPUTE

Paragraph numbers below correspond to the paragraph numbers in Plaintiffs'

Statement of Material Facts as to Which There is No Genuine Issue.

9.  Defendant disputes material fact numbered 9.  The parent's October 16, 2006,

due process complaint does not contain any allegation that DCPS denied the

student a FAPE by failing to issue an appropriate Notice of Placement, or by

failing to discuss and determine a compensatory education plan, as prescribed

in the March 06, 2006, HOD.  (AR at 108-111)

12. Defendant disputes that the parent presented evidence that it was "virtually

impossible" for Stanton to provide the services prescribed in the student's

IEP, but admit that the HO made such a finding.  (AR at 5)

14. Defendant disputes material fact numbered 14.  The student's educational

achievement scores as evidenced by his psycho-educational evaluations show

improvement, not regression.  For example, in 2004, the student received a 65

in Mathematics / Numerical Reasoning, which equated to work performed by

a 7 year old in the1st grade, 5th month (1:5).  In 2006, the student received a score of 86, which was equivalent to work performed by a 10 year old (10:4 months) in the 5th grade, 2nd month (5:2).  (AR at 31, 43).  In 2004, the student was working at a 7 year old equivalent, on the 1st grade, 7th month (1:7) level in Spelling.  In 2006, the student was working at a 2nd grade, one month (2:1) level.  (AR at 31, 43)

15.  Defendant disputes material fact numbered 15.  In 2004, the student received a 65 in Mathematics / Numerical Reasoning, which equated to work performed by a 7 year old in the1st grade, 5th month (1:5).  In 2006, the student received a score of 86, which was equivalent to work performed by a 10 year old (10:4 months) in the 5th grade, 2nd month (5:2).  (AR at 31, 43).  In 2004, the student was working at a 7 year old equivalent, on the 1st grade, 7th month (1:7) level in Spelling.  In 2006, the student was working at a 2nd grade, one month (2:1) level.  (AR at 31, 43)

19.  Defendant disputes material fact numbered 19 as a conclusion which contains no reference to the administrative record.

20.  Defendant disputes material fact numbered 20.  The HO sustained an objection to the proffered testimony.  Thus it is not part of the administrative record.  (AR at 170-171)

21.  Defendant disputes material fact numbered 21 as a conclusion which contains no reference to the administrative record.

22. Defendant disputes that part of material fact numbered 22 that Dr. Booker responded "with a vigorous no," as a conclusion which is unsupported by the record.

23. Defendant disputes that part of material fact numbered 23 that parent's counsel questioned Dr. Booker with specificity, as a conclusion which is unsupported by the record.

24. Defendant disputes that part of material fact numbered 24 which states that Dr. Booker testified about any regression shown in the student's testing.  (AR at 172)

25. Defendant disputes that part of material fact numbered 25 which states that Dr. Booker testified that the student needed a reading program in the form of tutorial services.  (AR at 25)

28. Defendant disputes material fact numbered 28.  Counsel for DCPS questioned Dr. Booker as to whether she knew that DCPS had offered the student one-to one tutoring.  Dr. Booker's response was that the number of hours "need to be discussed and negotiated."  (AR at 178)

29. Defendant disputes that counsel for DCPS confirmed that the student needed compensatory education when he referenced a compensatory education plan offered by DCPS.  The plan was drawn up during the Resolution Meeting as part of settlement negotiations.  (AR at 123)

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov



October 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
VANESSA BROWN, <u>et al.</u>,

                                            )

        Plaintiffs,

        v.                                  )          Civil Action No.07-0368 (JDB)
DISTRICT OF COLUMBIA,
                                            )
        Defendant.
_____)

## <u>DEFENDANT'S STATEMENT OF MATERIAL FACTS THAT<br>ARE NOT IN DISPUTE</u>

1.      Plaintiffs did not allege in their October 16, 2006, due process Complaint that

        the student's March 17, 2005 IEP was inappropriate.  (AR at 108-111)

2.      The parent agreed to the contents of the student's March 17, 2005 IEP.  (AR

        at 56)

3.      The parent had the opportunity to be involved in the development of the

        student's March 17, 2005 IEP.  (AR at 56)

4.      Plaintiffs' October 16, 2006, due process Complaint only sought "a

        determination that DCPS be required to discuss and determine a compensatory

        education plan for the period prescribed in the February 17, 2006 HOD, as

        well as the time [the student] has been left in an inappropriate placement."

        (AR at 110)

5.      The February 17, 2006 HOD did not state that compensatory education should

        be awarded to the student retroaactive to 2005.  (AR at 110)

15

6.      On November 13, 2006, DCPS proposed a Compensatory Education Plan which offered 70 hours of compensatory education "for all areas."  (AR at 13)

7.      Documentary evidence presented at the December 12, 2006, due process hearing indicates that the student has made some educational progress.  (AR at 31, 43).

8.      In 2004, the student received a 65 in Mathematics / Numerical Reasoning, which equated to work performed by a 7 year old in the1st grade, 5th month (1:5).  In 2006, the student received a score of 86, which was equivalent to work performed by a 10 year old (10:4 months) in the 5th grade, 2nd month (5:2).  (AR at 31, 43).

9.      Dr. Booker, an educational advocate who testified on behalf of plaintiffs, utilized the type of mechanical formulation expressly rejected by Reid, in determining that the child should receive 633 hours of compensatory education.  (AR at 174)

10.     Dr. Booker only observed the student in a classroom setting for approximately one hour.  (AR at 175)

11.     The student is currently enrolled at Accotink Academy, where, Dr. Booker testified, the student-teacher ratio is 10 to 3 and the student will have an opportunity to receive individualized instruction as well as small group instruction.  (AR at 164)

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov


October 15, 2007