**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

VANESSA BROWN, <u>et al.</u>,                          :
                                                      :
      Plaintiffs                       :
                                                      :
        v.                     :          Civil Action No. 07-0368
                                                                  (JDB)
                                                      :
GOVERNMENT OF THE DISTRICT OF COLUMBIA                :
A Municipal Corporation                               :
                                                      :
      Defendant.                       :
                                                      :

<u>**PLAINTIFFS REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION
FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR
SUMMARY JUDGMENT**</u>

      COMES NOW, the Plaintiffs, by and through undersigned counsel, and respectfully

moves this Court to deny Defendant's Cross Motion for Summary Judgment and grant Plaintiffs

Motion for Summary Judgment.  Pursuant to this Court's Order of June 21, 2007, Plaintiff files

its Reply to Defendant's Opposition to Plaintiffs Motion for Summary Judgment and Response

to Defendant's Cross Motion for Summary Judgment.  In support of this Reply and Opposition,

the Plaintiff submits its Memorandum of Points and Authorities in Support of its Reply and

Opposition and a proposed Order.

Dated: November 8, 2007

                                   Respectfully submitted,
                                      /s/
                                 Ellen Douglass Dalton, Esq
                                 D.C. Bar No. 411612
                                 Dalton & Dalton, P.C.
                                 1008 Pendleton Street
                                 Alexandria, Virginia 22314
                                 (703) 739-4300 (ph)
                                 (703) 739-2323 (fax)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VANESSA BROWN, <u>et al.,</u> | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | :      Civil Action No. 07-0368 |
| | (JOB) |
| | : |
| GOVERNMENT OF THE DISTRICT OF COLUMBIA | : |
| A Municipal Corporation | : |
| | : |
| Defendant. | : |
| | : |

<u>**PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**</u>

_____COMES NOW, the Plaintiffs, by and through undersigned counsel, and replies to Defendant's Opposition to Plaintiffs Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment, as follows.

**I.      THIS COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REVERSE THE HEARING OFFICER'S DETERMINATION.**

<u>A.  The Hearing Officer Erred in Determining that a Claim for Compensatory Education cannot be Grounded on DCPS' Failure to Prescribe a Full- time Special Education Program in March 2005 for the 2005-2006 School Year.</u>

Defendant relies on the Hearing Officer's conclusion that plaintiffs failed to include within their due process complaint filed on October 16, 2006 an allegation that the 2005 IEP was inappropriate.  Defendant's reliance on the Hearing Officer's conclusion fails for the same reason

that the Hearing Officer's conclusion cannot be upheld.  Merely stating that there was no mention of the year 2005 in the due process complaint filed October 16, 2006 is viewing the facts of this case in a cursory and shallow manner.  A detailed review of the facts of this case reveal that the plaintiffs appropriately raised the requisite facts necessary to support a claim for compensatory education in their October 16, 2006 due process complaint.

On February 17, 2006, approximately eight (8) months prior to the October 16, 2006 due process complaint,  a due process hearing was convened. (AR at 71)   The Hearing Officer incorporated the terms of a settlement reached during the hearing and incorporated the findings into a Hearing Officer's Determination.    The Hearing Officer's Determination set forth a Statement of the Case and the allegations made against the defendant.  There were a total of seven (7) allegations made.  The 7th allegation made and incorporated into the Statement of the Case was that the defendant had failed to  "develop an appropriate IEP for the 2004 and 2005 school years".  (AR at 72)

On October 16, 2006, a second due process complaint was filed alleging the failure of the defendant to abide by the terms of the February 17, 2006 Hearing Officer's Determination.  The complaint alleged that the defendant ".....denied FAPE by failing to discuss and determine a compensatory plan, as prescribed in the February 17, 2006 HOD." (AR at 110).  The time period for the alleged denial of FAPE could only be for the time period addressed in the prior HOD. The time period addressed in the prior HOD was for the 2004 and 2005 school years.  The October 16, 2006 due process complaint clearly put the defendant on notice that the plaintiffs were seeking a determination that the defendant had violated the student's right to FAPE by failing to abide by the terms of the prior HOD.  The Plaintiffs clearly raised the issue of an

2

inappropriate IEP for 2005 in their previous due process complaint as evidenced by the Statement of the Case contained in the February 17, 2006, HOD.  When Plaintiffs alleged in their October 16, 2006 due process complaint that the defendant had failed to discuss and determine whether compensatory education was warranted as ordered in the prior HOD, they preserved the issue of an inappropriate 2005 IEP alleged in the prior due process complaint and for which relief was Ordered.  Defendant's failure to abide by the February 17, 2006 HOD should not be sanctioned by allowing the defendant to argue that the allegations of an inappropriate 2005 IEP were never raised.  The defendant violated the EM's  rights to FAPE and continued to violate his rights by failing to perform the relief granted in the HOD.  The second due process complaint filed on October 16, 2006,  raised again the inappropriate 2005 IEP by alleging the defendant's failure to abide by the terms and relief granted in the February 17, 2006 HOD, specifically alleging defendant's failure to discuss and determine a compensatory education plan.  Therefore, the Hearing Officer's conclusion that the plaintiffs could not seek compensatory education going back to 2005 cannot be upheld.

The defendant maintains that the Hearing Officer was correct in his finding that the parent was barred from raising the inappropriateness of the 2005 IEP,  because she had consented to the IEP by signing it.   Neither the Hearing Officer nor the defendant cited any legal authority for this conclusion.  Furthermore, the defendant has not produced any document that evidences that the parent was ever provided with information about her procedural due process rights including her right to legal representation. The facts of this case reveal that the parent did not have legal representation when she signed the 2005 IEP.  She should not be barred from subsequently raising the inappropriateness of the IEP, within the applicable statute of limitations,

3

when she did not have the legal or educational expertise at the time she consented to determine

whether the IEP was appropriate.    The Plaintiff, Ms. Brown testified at the due process hearing

that she had in the past attended IEP meetings and did not understand all that was being said to

her.  (AR-192,193)  She further testified that she could not read very well and had previously

asked the individuals at the school conducting the IEP meetings to explain things to her but they

didn't.  (AR-193)  Ms. Brown further testified that it was not until she had legal representation

that anyone explained anything to her and then it was not the school personnel but instead her

attorney.  (AR-192)   A parent cannot be punished for their lack of education or expertise that led

them to sign and/or agree to something without the benefit of legal counsel.  To do so, strips a

parent of one their fundamental and basic rights, the right to have legal representation.

    B.  The Hearing Officer Erred in Determining that the minor Plaintiff was not entitled to
Compensatory Education because Plaintiffs had Failed to Meet their Burden of Establishing the
Type and Amount of Compensatory Services despite the fact that the Hearing Officer had
concluded that the minor Plaintiff Would be Entitled to Compensatory Education Services.

    Following the decision in *Reid v District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005,

there has been confusion and erroneous rulings stemming from a misinterpretation of *Reid.*

When *Reid* is read in it's entirety, it is clear that the Court was not trying to set such high

standards and impossible bars to reach so as to limit compensatory education awards.  The Court

was more concerned that the awards be based on the specific facts of the case.  While one student

might need less than an hour for hour award others might need more.  The Court specifically

addresses the notion that compensatory education is an equitable remedy not a contractual

remedy.  However, since the decision in *Reid* some Hearing Officer's in the District of Columbia

4

have applied such a rigorous standard for the parent to meet which makes it impossible to prevail

on a compensatory education claim.  In the case before this Court, Dr. Ava Hughes Booker,

admitted as an educational expert in the field of special education, testified regarding the

student's need for compensatory education.  (AR- 157-180)  Dr. Booker's curriculum vitae is

part of the record in this case and demonstrates her expertise in the area of special education as it

relates to educational programs and placements for student with disabilities. (AR-131).   Dr.

Booker testified that EM was evaluated in 2004 and then again two years later.  She further

testified that a comparison of the scores within those psycho-educational evaluations documented

that EM had not progressed but had in fact regressed.  (AR-168)   Her expert testimony was

supported by the facts.  The standard scores for the 2004 psycho-educational evaluation as well

as the 2006 are set out below.

| **WIAT-II Scores for 2004**   (AR-43) | | **WIAT- Scores for 2006**   (AR-31) | |
|---|---|---|---|
| Reading Composite | 61 | Reading Composite | 48 |
| Reading Comprehension | 63 | Reading Comprehension | 47 |
| Pseudoword Decoding | 72 | Pseudoword Decoding | 64 |
| Word Reading | 64 | Word Reading | 57 |
| Math Composite | 69 | Math Composite | 58 |
| Numerical Operations | 65 | Numerical Operations | 86 |
| Math Reasoning | 78 | Math Reasoning | 40 |
| Written Language Composite | 73 | Written Language Composite | 68 |
| Spelling | 71 | Spelling | 62 |

In every area in which EM was evaluated with the exception of one (numerical

operations) his standard scores declined between 2004 and 2006.  EM's  IEP dated 3/17/04

prescribed only 5 hours of specialized instruction despite the fact that EM was in the third grade

and only reading on a Kindergarten/1st grade level and performing on a 1st /2nd grade level in Math and Written Language. (AR-51) (AR-43). The next year, EM's IEP dated 3/17/05 prescribed only 10 hours of specialized instruction. (AR-56). The second page of the 3/17/05 IEP reveals that the only testing that was considered in determining EM's present level of educational performance at that time was the testing performed more than a year earlier (3/02/04). Dr. Booker testified that EM's March 17, 2005 IEP was not appropriate based on the psycho-educational evaluation that had been completed in 2004. (AR-170). Had the school system performed simple achievement testing (a portion of a psycho-educational evaluation) they would have been able to ascertain that EM was not progressing but actually regressing. It was not until the a due process complaint was filed and a due process hearing held on February 17, 2006 that EM's parent was awarded the right to have independent evaluations conducted. From the above, it is clear the Plaintiffs proved that as a result of the Defendant's violations EM suffered an educational deficiency.

After establishing the educational deficiency caused by the Defendant's violations, the Plaintiffs elicited the expert testimony of Dr. Booker to establish, based on her expert opinion, how much progress EM would have made had he been placed in a full time program in March 2005. Dr. Booker testified in her expert opinion, EM would have experienced at least 6 months growth had he been placed in a full time program in March 2004. (AR-172) Finally, the Plaintiffs established through the expert testimony of Dr. Booker what would be required to place EM in the position he would have been in but for the violation. Dr. Booker testified that EM was in need of a full time program for specific learning disabled children and a reading program in the form of tutorial services to help remediate his severe deficits. (AR-173) The Defendant had

agreed to a full time program in September 2006 (AR-97) prior to the date of hearing but had not

yet placed EM at the time of the hearing in December 2006. Dr. Booker further testified that the

amount of one to one tutoring offered by the Defendant (70 hours) was not appropriate to

compensate EM for the past deficient program. Dr. Booker testified that in her opinion that in

order for the EM to be compensated he would need 3 hours of tutorial reading a day for 211 days

in addition to his full time placement. (AR-174). Dr. Booker had reviewed all of EM's records

and had personally observed him in his classroom setting prior to formulating her opinions.

(AR-160)  Her expert opinion was based on her education and years of experience as a special

education teacher, principal and administrator within the District of Columbia Public School

system for 24 years. While Dr. Booker employed numbers in her calculation, her opinion was

certainly based on the evidence in the record as well as her years of experience in the field of

special education. Her calculation was supported by reasoning and could in no way be

interpreted as a cookie cutter approach. She did not employ and hour for hour calculation or a

day for day calculation. She based her opinion on the specific facts in the case.

The plaintiffs in this case clearly met their burden of establishing that the Defendant

violated EM's right to a FAPE by not developing an appropriate March 2005 IEP and that the

violation caused EM to regress educationally resulting in an educational deficiency. The

Plaintiffs further established where EM would have been but for the educational deficiency and

what services were necessary to place EM in the position he would have been in but for the

violation. The Defendant in this case presented no evidence to rebut the expert testimony of Dr.

Booker.

7

**CONCLUSION**

Based on the arguments above, the Plaintiffs request that this Court issue a Summary Judgment for the Plaintiffs and against the Defendant and reverse the December 14, 2006, Hearing Officer's Decision and grant EM a reading program in the form of tutorial services of 633 hours.  In the alternative, the Plaintiffs respectfully request that this Court reverse and remand the case back to the Hearing Officer for further testimony and evidence to determine the amount of compensatory education owed by the Defendant to EM.

Respectfully submitted,

_____/s/_____

Ellen Douglass Dalton, Esq
D.C. Bar No. 411612
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 7th day of November, 2007.

_____/s/_____
Ellen Douglass Dalton, Esq.
Counsel for Plaintiffs

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vanessa Brown, et.al.,,                    :
                                           :
        Plaintiffs                         :
                                           :
            v.                             :   Civil Action No.  07-0368 (JDB)
                                           :
District of Columbia                       :
                                           :
        Defendant.                         :
_____           :

## ORDER

Upon consideration of the Plaintiffs Motion for Summary Judgment, and

Defendant's Opposition and Cross Motion for Summary Judgment thereto, it is hereby

        ORDERED: that Plaintiffs Motion for Summary Judgment is GRANTED;

        FURTHER ORDERED:  The December 14, 2006 Hearing Officer's

Determination is reversed and EM is awarded 633 hours of a reading program in the

form of tutorial services as compensatory education.



_____                _____
Date                            John D. Barnes
                                United States District Judge