UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VANESSA BROWN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0368 (JDB) |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT.**

Defendant District of Columbia, by and through counsel, hereby replies to plaintiffs' November 8, 2007, Opposition to defendant's Cross Motion for Summary Judgment as follows:

This action seeks review of a decision issued on December 14, 2006, by an administrative Hearing Officer following a hearing conducted pursuant to the Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400 *et seq.* ("IDEIA"), on December 12, 2006. In his decision, the Hearing Officer ("HO") denied plaintiffs' request for compensatory education, finding that plaintiffs had failed to meet their burden of proof of establishing that the student was entitled to compensatory education beginning in 2005. Plaintiffs appeal this part of the hearing officer's decision ("HOD").[1]

---

[1] In his decision, the Hearing Officer ("HO") determined that the District of Columbia Public Schools ("DCPS") denied the student, E.M., a free appropriate public education ("FAPE") by failing to provide him with an appropriate placement for the 2006-2007 school year. As a result, the HO ordered the student placed at Accotink Academy, a private school. The HO further ordered DCPS to convene a Multi

Without logic, plaintiffs claim that because, in their October 16, 2006, due process complaint, they alleged that "the defendant had failed to discuss and determine whether compensatory education was warranted as ordered in the prior HOD, they preserved the issue of an inappropriate 2005 IEP alleged in the prior due process complaint and for which relief was ordered." (Opposition at 3) However, at the time of the December 12, 2006 due process hearing, the issue of compensatory education had been discussed and determined, and thus was moot at the time of the hearing.[2] Since plaintiffs did not raise the issue of an alleged improper 2005 IEP in their October 16, 2006, due process complaint, the HO correctly determined that the student was not entitled to compensatory education going back to 2005 because of DCPS' failure to properly place the student for a four month period in the 2006-2007 school year.

The HO also based his decision on the fact that the student's parent had signed the 2005 IEP, thus acknowledging that she agreed with it. (AR at 7) While plaintiffs admit that the parent signed the 2005 IEP, they claim that "the defendant has not produced any document that evidences that the parent was ever provided with information about her procedural due process rights including her right to legal representation." (Opposition at

---

Disciplinary Team ("MDT") meeting at Accotink, on or before February 16, 2007, to review the student's assessments and progress at Accotink, and to modify his Individualized Education Plan ("IEP"), if necessary. (AR at 7-8)

[2] On November 13, 2006, an IEP meeting was held on behalf of the student. At that meeting DCPS offered to provide the student with 70 hours of compensatory education, an amount that was rejected by the plaintiffs. (AR at 13) However, the March 6, 2006, HOD did not order DCPS to provide the student with a specific amount of compensatory education. Rather, the HOD ordered DCPS to "discuss and determine whether compensatory education is warranted and develop a compensatory education plan **if necessary.**" (AR at 73) Thus, DCPS complied with the provision to develop a compensatory education plan.

It is also to be noted that the March 6, 2006, HOD did not make any finding that the student had been denied a FAPE, rather it was based on a settlement agreement. (AR at 72) At the time of the December 12, 2006, due process hearing, the only portion of the March 6, 2006, HOD which had not been complied with was that part ordering DCPS to find an appropriate placement for the student. Accordingly, the HO found that the student had been denied a FAPE for a four month period of time and ordered the student placed at a private school.

3) However, this is patently untrue. The parent participated in a multidisciplinary team ("MDT") meeting on March 17, 2005. The MDT meeting notes in the administrative record reflect that "[t]he parent was given a copy of the Procedural Manual. A brief explanation of the manual was given to the parent and a receipt for the Manual was signed." (AR at 61) Additionally, the parent had attended earlier IEP/MDT meetings where she was provided a copy of the Procedural Manual. (AR at 69)

As previously discussed in defendant's Cross Motion and Opposition, the HO further based his determination that plaintiffs were not entitled to compensatory education on the fact that Dr. Booker, an educational advocate who testified on behalf of plaintiffs, utilized the type of mechanical formulation expressly rejected by Reid v. District of Columbia, 401 F.3d 516 (D.C. Cir. 2005), in determining the amount of compensatory education the child should receive. (Cross Motion at 8 – 9)

Based on all the factors the HO took into account in denying plaintiffs' request for compensatory education dating back to 2005, the HO properly denied plaintiffs' claim.

        Respectfully submitted,


        LINDA SINGER
        Attorney General for the District of Columbia


        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division


        /s/ Edward P. Taptich
        EDWARD P. TAPTICH [012914]
        Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor South
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

December 13, 2007